UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MARQUETTE BUIE,            )
                           )
    Plaintiff,             )
                           )
    v.                     )      15-CV-1096
                           )
OFFICER SCHMELTZ, et al.,  )
                           )
    Defendants.            )

**MERIT REVIEW OPINION**

JAMES E. SHADID, U.S. District Judge.

Before conducting a merit review of Plaintiff's Complaint, the Court ordered Plaintiff to provide more detail regarding his exhaustion of administrative remedies. This was to address concerns, based on Plaintiff's litigation history, that Plaintiff might be pursuing this case for improper purposes such as harassment. (5/29/15 text order.)

Plaintiff has responded with a copy of the emergency grievance he filed and an affidavit setting forth the steps he took to exhaust. Plaintiff avers that the Warden declined to characterize Plaintiff's grievance as an emergency and instructed Plaintiff to file the grievance through the normal procedures. Plaintiff avers that he

appealed the Warden's decision to the Administrative Review Board, and the Board returned the grievance to Plaintiff, telling Plaintiff to "[F]ollow directions of grievance officer." (d/e 11-1, p. 6.)

Plaintiff is correct that the Seventh Circuit has remarked that "nothing in the current regulatory text, . . . , [] requires an inmate to file a new grievance after learning only that it will not be considered on an emergency basis." Thornton v. Snyder, 428 F.3d 690, 694 (7th Cir. 2005); *see also* Roberts v. Neal, 745 F.3d 232, 236 (7th Cir. 2014)(administrative remedies exhausted because the plaintiff received no response to his emergency grievance). Thornton has largely been taken to mean that once an inmate files an emergency grievance, he has exhausted his available remedies. *See Quigley v. Hardy*, 2013 WL 5781737 *3 (N.D. Ill. 2013)(citing cases).

An interesting question, though, is whether Thornton allows an inmate to bypass the regular grievance procedures simply by marking "emergency" on every grievance, even grievances regarding the most mundane matters. Arguably the answer is no. *See, e.g.,* Bulmer v. Young, 160 Fed.Appx. 524, 527 (not published in Federal

Reporter).[1]  However, answering this question would be premature in this case and possibly unnecessary.  Since Plaintiff presents a plausible argument that he did exhaust his administrative remedies, the Court will proceed to conduct a merit review of Plaintiff's complaint.

Plaintiff alleges that he previously filed a lawsuit against Correctional Officers Schmeltz, Brewer, and other prison staff.  *See* Buie v. Corley, 14-CV-1148 (C.D. Ill.)(pending).  Ever since, Defendants Schmeltz and Brewer have allegedly retaliated against Plaintiff.  For example, on July 8, 2014, Officer Brewer pushed Plaintiff into a steel gate for no reason in front of Officer Schmeltz, who did nothing.  "Plaintiff's back was badly hurting and bruised and his fingers were swollen." (Complaint paras. 24-25.)  Officer Schmeltz and Medical Technicians Birkle and "Jessica" all refused Plaintiff's requests to see a doctor.  After the alleged assault, Defendant Schmeltz shook down Plaintiff's cell for no legitimate reason, scattering and destroying some of Plaintiff's legal papers, including affidavits in support of Plaintiff's lawsuit.  A few weeks

---

[1] "[T]here was a remedy available to Mr. Bulmer: the grievance liaison officer advised him to refile his February 2002 emergency grievance as a routine grievance, and he did. Mr. Bulmer produced no evidence to counter the affidavit testimony of the ARB chairperson, who explained that an inmate must pursue a grievance that has been denied emergency status by resubmitting it for processing as a routine grievance."

later, Officer Schmeltz moved Plaintiff to a filthy cell covered in feces, urine, and another inmate's dirty clothes.  Officers Schmeltz, Zook, Sullivan, and Krashaar refused Plaintiff's pleas to be moved out of the filthy cell.  Plaintiff remained in the cell over 24 hours, until a lieutenant intervened.

On these allegations, the Court cannot rule out possible constitutional claims for retaliation, excessive force, lack of medical care, and inhumane conditions of confinement.  However, no claim is stated against Warden Pfister.  Warden Pfister is not liable for the misconduct of his staff simply because he is in charge, and he did not personally participate in the incidents.  Warden Pfister refused to process Plaintiff's grievance as an emergency but that is not a constitutional violation.  *See* Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009)(grievance examiner's rejection of complaint as untimely without investigation was not deliberate indifference); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action

cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . ."). Accordingly, Warden Pfister will be dismissed.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following possible constitutional claims:  (1) retaliation for Plaintiff's lawsuit; (2) excessive force by Officer Schmeltz; (3) deliberate indifference to Plaintiff's need for medical treatment after the excessive force; and, (4) inhumane conditions of confinement.   This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      Defendant Pfister is dismissed.

3)      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before

Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    4)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    5)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an

answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the

Court has entered a scheduling order, which will explain the discovery process in more detail.

    8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

13) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

14) **The Clerk is directed to terminate Defendant Pfister.**

15) **Plaintiff's motions for status are denied as moot (12, 13).**

ENTERED: 8/6/15

FOR THE COURT:

                                        s/James E. Shadid
                                        JAMES E. SHADID
                              UNITED STATES DISTRICT JUDGE